Per Curiam.

Since it appears that Mrs. Rosenthal [wife of the insured] was wearing the watch at the time of the accident, it is obvious that there are only two ways in which its loss can be accounted for, to wit, that it fell off her arm because of the impact of the collision and the overturn of the car, or that it was stolen between the time she came out of the car and the time she discovered its loss in the ambulance. If the former, there is no question that defendants are liable. If the latter, then it should be determined as a question of fact upon a new trial whether, because of the accident, Mrs. Rosenthal, was in such a frenzied state as to render her incapable of protecting her property from the hands of a thief. There is testimony in the record that she was screaming and hysterical and possibly unconscious for a short period. The fact that there were some people around and that she was assisted from the car into the ambulance by the ambulance attendant and a policeman does not necessarily constitute a breach in the chain of events, a causal relation, chargeable to defendants’ negligence which caused the accident and as a consequence of which the watch thereafter disappeared.
The judgment should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.
Concur — Steuer, J. P., Aurelio and Tilzer, JJ.
Judgment reversed, etc.